2007 OK 17

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Gary Kirk JAY, Respondent.**

OBAD No. 1703.
SCBD No. 5272.

Supreme Court of Oklahoma.

March 26, 2007.

## ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for an order approving the resignation of the respondent, Gary Kirk Jay, pending disciplinary proceedings, THE COURT FINDS:

1. On March 9, 2007, the respondent submitted his written affidavit of resignation from membership in the Bar Association pending disciplinary proceedings.

2. The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

3. The respondent states in his affidavit of resignation that he is aware of a formal complaint which consists of one count of misconduct relating to pending criminal charges before the Supreme Court alleging violations of Rule 8.4 of the Oklahoma Rules of Professional Conduct, 5 O.S.2001, Ch. 1, App. 3–A and Rule 1.3 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A.

4. The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A and it should be approved.

5. The official roster address of the respondent as shown by the Oklahoma Bar Association is: Gary Kirk Jay, 320 N. Broadway, P.O. Box 1624, Shawnee, Oklahoma 74801.

6. The Bar Association has not sought the imposition of costs and the respondent asks that any costs incurred be waived.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Gary Kirk Jay's resignation pending discipline be approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Gary Kirk Jay's name be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make an application for reinstatement prior to the expiration of 5 years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, the respondent shall notify all of his clients having legal business pending with him within 20 days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. The Respondent requests that the imposition of costs be waived and the Bar Association has not objected to such a waiver. Accordingly, the imposition of costs is waived. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent, shall be a condition of reinstatement.

/s/ James R. Winchester
CHIEF JUSTICE

ALL JUSTICES CONCUR.